UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CARLOS LOUIS CHOJNICKI,**

Plaintiff,

v.                                                          **No. 4:21-cv-1064-P**

**WAL-MART STORES TEXAS LLC AND
EDWARD WILLIAMS,**

Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff's Motion to Remand (ECF No. 4), filed on October 13, 2021. For the following reasons, the Court will grant the Motion and remand this case to state court.

### BACKGROUND[1]

Defendant Edward Williams is a Texas citizen who was employed at the Auto Care Center of Walmart Supercenter Store #807. On November 1, 2019, Williams was driving a vehicle and allegedly backed into Plaintiff Carlos Louis Chojnicki, who is also Texas citizen.

On August 23, 2021, Chojnicki filed suit in the 67th District Court of Tarrant County, Texas. Chojnicki sued Williams for his alleged negligent operation of the vehicle during the scope of his employment. Chojnicki also sued Defendant Wal-mart Stores Texas LLC ("Walmart"), alleging claims for vicarious liability, direct negligence, and premises liability. Walmart was served through its registered agent; Williams has not yet been served.

On September 20, 2021, Walmart removed this case, arguing that diversity jurisdiction exists under 28 U.S.C. § 1332. *See* Notice of Removal, ECF No. 1. Walmart argues that the Court should not consider

---

[1] Unless otherwise stated, the Court sourced all facts in this Order from Plaintiff's Original Complaint from the State Court Case.

Williams's citizenship in deciding whether complete diversity exists between the Parties because Williams was not served before removal. *See id.* On October 13, 2021, Plaintiff filed this Motion to Remand, arguing that: Williams's citizenship should be considered for diversity purposes, complete diversity does is not present here, the case should be remanded to state court, and that an award of attorneys' fees should be granted. *See* Mot. at 2–3, ECF No. 4. The Court agrees with Plaintiff.

## LEGAL STANDARD

The governing removal statute generally permits a defendant to remove any civil action from state court to federal court if the latter has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). However, removal is improper unless there is complete diversity of citizenship among the opposing parties when the complaint is filed and at the time of removal. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *see also Bingabing v. Est. of Warren*, No. 3:20-CV-0951-B, 2020 WL 3639662, at *3 (N.D. Tex. July 6, 2020).

Under the governing remand statute, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When a party files a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). And as removal raises significant federalism concerns, any doubts about the propriety of removal are resolved in favor of remand. *Gutierrez v. Florez*, 543 F.3d 248, 251 (5th Cir. 2008).

## ANALYSIS
### A. The Court Lacks Subject Matter Jurisdiction

Plaintiff moves the Court to remand this case, arguing that the Court lacks diversity jurisdiction under *New York Life Insurance Company v. Deshotel*, 142 F.3d 877 (5th Cir. 1998). Mot. at 4. In *Deshotel*, the Fifth

Circuit held that a defendant's "non-diverse citizenship cannot be ignored simply because he was an unserved defendant." 142 F.3d at 883. The Fifth Circuit explained that "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id.* (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41 (1939)); *see also Reynolds v. Pers. Representative of the Est. of Johnson*, 139 F. Supp. 3d 838, 842 (W.D. Tex. 2015) ("It is well-established that the existence of diversity is determined based on the citizenship of the named parties and not the fact of service.").

Here, under *Deshotel*, complete diversity of citizenship does not exist; though Defendant Williams had not served at the time of removal, he resided in the same state as Plaintiff Chojnicki—Texas. *See* Original Pet. ¶¶ 3, 4; Mot. at 3–4; *see also Lapkin v. AVCO Corp.*, No. 3:11-CV-3423-L 2012 WL 1977318, at *3 (N.D. Tex. May 31, 2012) ("[T]he citizenship of all parties named, served or unserved, must be considered to determine diversity.") (citing *Deshotel*, 142 F.3d at 883). With the filing of Plaintiff's Motion to Remand, it was Walmart's burden, as the removing party, to establish that the Court had jurisdiction over this dispute. *See Manguno*, 276 F.3d at 723. Because Walmart failed to file a timely response, it axiomatically failed its burden. *See* N.D. TEX. CIV. R. 7.1(e). Accordingly, Court concludes that, because Williams is a properly named defendant, his citizenship must be considered for diversity purposes. As Defendant Williams and Plaintiff Chojnicki are both citizens of Texas, complete diversity does not exist. Accordingly, the Court lacks subject matter jurisdiction over this action and the case must be remanded.

## B. Imposing Attorneys' Fees is Warranted Under 28 U.S.C § 1447

Further, Walmart should have known that no grounds for removal existed in this case. Plaintiff's Motion directed the Court's attention to a procedurally similar case. *See* Mot. at 8–9. Just last year, in *Bingabing v. Est. of Warren*, Judge Boyle ordered remand after Walmart removed that case based on nearly identical arguments as it raised here. *See* 2020

WL 3639662, at *3. There, as here, Walmart did not dispute the plaintiff and co-defendant were citizens of the same state. *See id.* Because Walmart failed to distinguish—or even attempt to distinguish— *Bingabing*, the Court concludes that Walmart "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 141 (2005).

The Court thus exercises its discretion to "requirement payment of just costs and any actual expense, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C § 1447(c). Plaintiff's Motion requested $3,500 in just costs and expenses incurred because of Walmart's improper removal. Mot. at 10. The Court concludes that this amount is appropriate in this case.

## ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 4). This case is accordingly **REMANDED** to the 67th District Court of Tarrant County, Texas. The Clerk of the Court is **DIRECTED** to mail a certified copy of this Order to the clerk of court for the 67th District Court of Tarrant County, Texas.

The Court further **ORDERS** that Defendant Wal-Mart Stores Texas LLC must pay Plaintiff's just costs and expenses in the amount of $3,500 that Plaintiff incurred in connection with this removal and remand.

**SO ORDERED** on this **10th day** of **November, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE